In Special Term, December 1854—GHOLSON, J. presiding.

LAWS, RHODES, & BARR *vs.* McCARTY & TORREYSON.

The absence of the first names of defendants amounts only to a misnomer, and forms no ground to discharge an attachment, or strike a petition from the files.

The law respecting amendments for misnomer, is substantially the same as before the statute authorizing actions to be brought against defendants in their firm name.

An objection, that the petition is in the form of the common counts in assumpsit, forms no ground to strike the petition from the files.

This is a motion to discharge an attachment, and to strike the petition in the case from the files.

Laws, Rhodes, & Barr *vs.* McCarty & Torreyson.

GHOLSON, J.

Two objections are taken; one, that the first names of the defendants are not set out. This, I consider merely what is termed a misnomer under the old practice. If the defendants will state that they have christian names, and what they are, I will direct that they be inscribed in the proceedings. But, on such a ground I shall neither discharge the attachment, nor strike the petition from the files.

The present is not—does not purport to be—and as has been decided in this Court, cannot properly be a proceeding under the statute which authorizes suits against partnerships, without setting out or proving the names of the members of the firm. That statute in no respect abridged the right of suing, which before existed. When the names of the members of a partnership *do in* no manner appear, the statute affords a convenient remedy; also when there is difficulty in obtaining service on all the partners. But, in cases where the sirnames all appear, the only difficulty which could have been encountered was a plea in abatement, and this was obviated by an amendment. The law in this respect is substantially the same.

As to the objection that the petition is in the form of the common counts in assumpsit, it may possibly be a ground of demurrer, or of a motion to make the petition more definite and certain under Section 118 of the Code; but it does not afford a ground to strike the petition from the files. Defendants cannot get rid, in so easy a manner, of a claim which, at least, presents some appearance of being just.

The motion will be overruled.

H. T. KYLE, for plaintiff.

E. A. THOMPSON and WM. JOHNSTON, for defendants.